IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Marvin D. Palmer, Jr., | ) | C/A No.: 3:15-442-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| South Carolina Department of Motor Vehicles, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

In this employment discrimination case, Marvin D. Palmer, Jr. ("Plaintiff") sues his employer, South Carolina Department of Motor Vehicles ("SCDMV"), based on alleged discrimination. Plaintiff filed this action on January 12, 2015, in the Richland County Court of Common Pleas. [ECF No. 1-1]. Defendant timely removed the action on January 30, 2015. [ECF No. 1]. On May 28, 2015, Plaintiff filed an amended complaint, alleging discrimination, harassment, and retaliation in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq*. ("ADEA"). All pretrial proceedings in this case have been referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

This matter comes before the court on Defendant's motion to dismiss Plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 11]. Plaintiff filed a response to the motion [ECF No. 12], and Defendant filed a reply [ECF No. 13]. The motion having been fully briefed, it is ripe for disposition. Because the motion is dispositive, this report and recommendation is entered for the district judge's

consideration. For the reasons that follow, the undersigned recommends the district court grant Defendant's motion to dismiss.

I.   Factual Background

Plaintiff is 52 years old and has been employed by Defendant since February 19, 2008 as a Project Coordinator I. [ECF No. 9 at ¶¶ 6, 9]. Plaintiff alleges he applied for and was denied a retention increase, although he is aware of younger employees whose retention increase requests were granted. *Id*. at ¶ 10. On September 9, 2013, Plaintiff received a written warning from his supervisor, Marshall Rock, for substandard job performance. *Id*. Plaintiff alleges the written warning was pretext and in retaliation for having requested the retention increase. *Id*. Plaintiff complained to Defendant's human resources department that Rock's conduct violated the ADEA and the South Carolina Human Affairs Law. *Id*. at ¶ 12.

On October 3, 2013, Plaintiff applied for the position of Project Coordinator II, but was denied the position. *Id*. at ¶ 13. Plaintiff claims the position was given to a younger male with no experience. *Id*. Plaintiff believes he was discriminated against because of his age and the exercise of his civil rights and that Defendant's actions have caused him to lose pay and benefits to which he is entitled. *Id*. at ¶¶ 15, 17.

II.  Discussion

   A.   Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

    B.    Analysis

        1.    Eleventh Amendment Immunity

Defendant argues that, as a state entity, it is entitled to Eleventh Amendment immunity from suit. [ECF No. 11 at 2–3]. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI. It is well-settled that the Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the state of South Carolina or its integral parts, such as a state agency or department. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743 (2002); *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356 (2001); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) (holding that although express language of Eleventh Amendment only forbids suits by citizens of other states against a state, Eleventh

Amendment bars suits against a state filed by its own citizens). Accordingly, the Constitution does not provide for federal jurisdiction over suits against nonconsenting states, unless the state's Eleventh Amendment immunity has been abrogated by Congress. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)); *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242 (1985) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."). Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity in enacting the ADEA. *Kimel*, 528 U.S. at 91 (2000).

Plaintiff, citing *Lapides v. Bd. of Regents of the Univ. System of Georgia*, 535 U.S. 613, 619 (2002), argues that Defendant waived its Eleventh Amendment immunity by removing the case to this court. However, the Fourth Circuit has noted the limitations of the holding in *Lapides*:

> *Lapides* addresses whether a state that removes an action to federal court having already consented to suit in its own courts can invoke Eleventh Amendment immunity; it does not resolve whether a state that has not consented to suit in its own courts maintains either the broader concept of sovereign immunity or Eleventh Amendment immunity upon voluntarily removing a case to federal court.

*Stewart v. North Carolina*, 393 F.3d 484, 488 (4th Cir. 2005). The *Stewart* court held that the state, "having not already consented to suit in its own courts, did not waive sovereign immunity by voluntarily removing the action to federal court for resolution of the immunity question." *Id*. at 490. Because there is no indication in the instant case that Defendant consented to suit in state court, Defendant did not waive its Eleventh

4

Amendment immunity. Therefore, because the state of South Carolina has not consented to suit and Congress did not abrogate a state's immunity in enacting the ADEA, Defendant is entitled to Eleventh Amendment immunity. The undersigned recommends Defendant's motion to dismiss be granted.[1]

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendant's motion to dismiss [ECF No. 11] be granted.

IT IS SO RECOMMENDED.

September 16, 2015                                    Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] In so recommending, the undersigned notes that Plaintiff also seeks injunctive relief that is not subject to the Eleventh Amendment's bar against the recovery of damages against a State under *Ex Parte Young*, 209 U.S. 123 (1908). However, the *Young* exception applies only in "suits seeking declaratory and injunctive relief against state officers in their individual capacities" and is therefore not applicable in the instant case. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997). The doctrine does not apply in suits against the state or a state entity, even when those suits seek prospective injunctive relief. *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 781–82 (1978) (per curiam).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).